Labauve, J.
The petition of the City of New Orleans, for the use and benefit of Christy Connell, declares that Mrs. Widow Lydia Wire is indebted to petitioner in the sum of $919 78, for one-half of the square blockpaving of the street in front of her property, on the west side of Tivoli Circle, between Triton Walk and St. Charles street, and for new curb-stones, bricking relaid, etc., as per bill, duly certified by the city surveyor.
The defendant excelled to the petition, on the .following grounds:
1. That the suit is improperly instituted in the name of the city, for the use of C. Connell.
2. That the said suit is not instituted by the City of New Orleans.
3. That if said suit be instituted by the city, it should be done by the City Attorney.
4. That C. Connell has no right to institute this suit in the name of the city, because ho thereby gains privileges which the law conferred solely on the City of New Orleans.
This exception was overruled.
'In the contract between the city and said C. Connell, in relation to said work, we find the following clause:
“ The proportion tobe paid by the city in cash, and the proportion to be.paid by the property holders in bills against said property holders, to be made by the city surveyor in conformity with sections 119 and 120 of the new city charter; said bills to be collected by the contractor who shall be subrogated to all the rights of the city to sue and seize the property in case of non-payment of any or all of said bills, and the City o,f New Orleans not to be held liable or responsible for any of said bills, should the same not be paid. ”
Under this stipulation, and the general rule, that one who has the right to sue in his own name, may sue for the use of another. C. Connell is the real plaintiff. We are of opinion that the Court did not err.
The defendant also excepted to the jurisdiction of the Court, upon the following grounds, in substance:
1. Because the defendant is not the owner of the property against which plaintiff’s claim is sought to be enforced; that said property belongs to the succession of David Gould Wire, deceased, her husband, who left several children as his heirs, and this defendant, widow in community; that said succession was opened in the Second District Court in the year 1846, and is now in course of administration and unsettled.
2. Because this Court (District Court) has no jurisdiction in such cases.
3. Because the Second District Court has exclusive jurisdiction in all demands for money against successions.
This exception was properly overruled by the Court.
This is not a claim against the succession; it is a debt of the defendant, *504 who shows that she owns one-half of the property, and that she is usufructuary of the other half under the act of 1844, and is therefore bound for the tax. C. C., Art. 572.
The answer pleads the general issue, and in reconvention the defendant avers that plaintiff is indebted to her in the sum of three hundred dollars, for this; That prior to the 8th of May, 1800, he illegally removed from said property six trees, worth fifty dollars each; that said trees did not require to be taken up; that three of said trees were planted in front of her house, and the other three were never replaced on said property on Tivoli Circle, or returned to defendant. By a supplemental answer, defendant alleges the said six trees to be worth §100 each. She prays accordingly.
The court below gave judgment in favor of plaintiff for the amount of his demand, and also in favor of the defendant, for her reconventional áemand in full, six hundred dollars.
The plaintiff appealed.
We are satisfied that plaintiff made out his case, and that the judgment of the Court in his favor is correct.
The difficulty is in regard to the reconventional demand, for the value of the six trees.
From the'evidence, we are satisfied that the removal of the trees was unnecessary, and their value is the only question.
These trees were on the edge of the banquette, and were taken up by the plaintiff; they had been planted there 4, 5 or 6 years before the paving was done, and were about 7 years old.
One witness, Pagaud, says: “He has such trees planted around his lots, and would not take §200 apiece to have them cut down; that it would take 7 years to replace them. This witness supposes that the trees Cost 2, 3, 4 or §5 apiece.”
Another witness says: “Last year at this time, I bought 97 young tallow tree? which were 5 to 7 feet high, and paid §1 25 apiece; and this year, about 10 days ago, I bought 11, about ten feet high, at §2 50,”
On cross-examination by defendant, he says: “ Trees which had been planted 7 years gave shade, and were an ornament to a property; are worth more than the trees I bought. Such trees are matter of taste, fancy, affection. Some people don’t like such trees at all; some people like a tree they plant better than those planted by another.”
Filié testified that this banquette is 12 feet. “Trees are placed on banquettes of such width, but there is no ordinance permitting trees to be planted.”
‘Another witness, Colman, testified: “That he had tallow trees, and would not have them cut down for one hundred dollars apiece; he does not .pretend to say that they were worth that; he does not know the market value; his trees, he supposed, cost him §2 apiece.”
A witness, who was foreman of C. Connell, says: “That the trees were removed because they were in the way in setting the curb, which could not be set according to the lines given by the surveyor without removing those trees.”
Thomas testified “ that the trees, when taken up, were in a sound condition, and did not require to be taken up. That he was present when *505 the trees were taken out, and he remonstrated with the man for taking them out. The work could have been done without destroying them, and without touching the roots, except one.”
It seems that the court below relied on the testimony of Pilié, the surveyor, and of Thomas, about the necessity of taking the trees out, and disregarded the evidence of the foreman of Connell.
But from the evidence, there was no malice on the part of C. Connell, and it is not a case where vindictive or exemplary damages should be allowed. Yet, we think that, under Art. 1928 of the Civil Code, a fair allowance should be granted the defendant for the loss of convenience and gratification, caused by the trees to the defendant. We are of opinion that one hundred and twenty dollars would be a full indemnification.
It is therefore ordered and decreed that the judgment appealed from, be so amended as to allow the defendant, on her reconventional demand, the sum of one hundred and twenty dollars instead of six hundred, and that, as amended, the said judgment be affirmed, the said defendant and appellee to pay costs of appeal.